## UNITED STATES v. TURNER.

(District Court, W. D. Virginia.    July 15, 1920.)

1. **Criminal law ⊕⟶313—Legislature presumed to have had knowledge of prior laws.**
   It will be presumed, where it was contended that prior revenue legislation was repealed by the National Prohibition Act, that Congress had knowledge of the prior acts.

2. **Internal revenue ⊕⟶2—Statute forbidding removal of untaxed spirits not repealed by the National Prohibition Act.**
   The National Prohibition Act, intended to prevent the use of intoxicating liquor as a beverage, which preserved war-time prohibition acts and in section 35 declared that existing laws were not repealed, unless inconsistent, did not work a repeal of Rev. St. § 3296 (Comp. St. § 6038), forbidding the removal of untaxed spirits.

3. **Criminal law ⊕⟶29—One act may be violation of two statutes.**
   There is no constitutional objection to making one act or transaction a violation of two statutes, although both emanate from the same sovereignty, if each offense embraces an element not embraced in the other.

4. **Intoxicating liquors ⊕⟶224—If defendant introduces evidence of permit to remove liquor, government must rebut it.**
   In a prosecution under the National Prohibition Act for removing liquor without a permit, the government need not prove want of a permit to make out a prima facie case; but if defendant should introduce substantial evidence that transportation was authorized by a permit, the government would then have to introduce evidence that no permit was issued, or that it was obtained by fraud, or that it did not apply to the act of transportation charged.

5. **Internal revenue ⊕⟶2—National Prohibition Act, forbidding removal of liquor without permit, did not repeal statute making removal of untaxed liquor an offense.**
   The provision of the National Prohibition Act making an offense the removal of liquor without a permit did not impliedly repeal Rev. St. § 3296 (Comp. St. § 6038), making the transportation of untaxed spirits an offense; the two offenses embracing different elements, although emanating from the same sovereignty.

⊕⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**6. Internal revenue ⊂⇒2—Revenue statute prohibiting removal of untaxed spirits not inconsistent with National Prohibition Act.**

Rev. St. § 3296 (Comp. St. § 6038), making it an offense to remove untaxed spirits, is not, as regards the offense or punishment, inconsistent with the National Prohibition Act, denouncing the transportation of liquor without permit, and hence was not impliedly repealed.

**7. Internal revenue ⊂⇒2—Statute forbidding removal of untaxed spirits not repealed by National Prohibition Act.**

Rev. St. § 3296, forbidding removal of untaxed spirits, denounces an offense which may be different from that embraced in National Prohibition Act, tit. 2, § 25, declaring that it shall be unlawful to have or possess any liquor intended for use in violating the article, and hence the earlier section was not repealed.

**8. Internal revenue ⊂⇒2—Statute forbidding concealing untaxed liquor not repealed by National Prohibition Act.**

Rev. St. § 3296 (Comp. St. § 6038), forbidding the concealing of untaxed liquor, was not impliedly repealed by National Prohibition Act, tit. 2, §§ 21, 25, denouncing the offense of maintaining a liquor nuisance, and declaring that it shall be unlawful to possess liquor with intent to violate the act.

H. L. Turner was indicted for removing and concealing untaxed spirits. On demurrer to the indictment. Demurrer overruled.

The defendant has been indicted, under section 3296, Rev. St. (Comp. St. § 6038), for removing and for concealing untaxed spirits. The offenses are charged to have been committed on June 27, 1920. The defendant demurred to the indictment, on the ground that the Volstead Act (41 Stat. 305) repeals section 3296. The demurrer was overruled.

Section 3296, Rev. St., reads: "Whenever any person removes, or aids or abets in the removal of any distilled spirits on which the tax has not been paid, to a place other than the distillery warehouse provided by law, or conceals or aids in the concealment of any spirits so removed, or removes, or aids or abets in the removal of any distilled spirits from any distillery warehouse, or other warehouse for distilled spirits authorized by law, in any manner other than is provided by law, or conceals or aids in the concealment of any spirits so removed he shall be liable to a penalty of double the tax imposed on such distilled spirits so removed or concealed, and shall be fined not less than two hundred dollars nor more than five thousand dollars, and imprisoned not less than three months nor more than three years."

Joseph H. Chitwood, U. S. Atty., of Roanoke, Va.
John L. Lee, of Lynchburg, Va., for defendant.

McDOWELL, District Judge (after stating the facts as above). [1, 2] The chief purpose of the framers of the Volstead or National Prohibition Act (Act Oct. 28, 1919, 41 Stats. 305) was to reduce and as far as possible to prevent the use of intoxicating liquor as a beverage. Title 1 increases the powers of the government to enforce sundry temporary prohibition statutes—for instance, section 12 of the Selective Service Act (Act May 18, 1917, 40 Stat. 76, 82 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 2019a]; Act Oct. 6, 1917, 40 Stat. 393 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 2813c]); section 15 of Act Aug. 10, 1917, 40 Stat. 276, 282 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115½l); and the fourth clause of Act Nov. 21, 1918, 40 Stat. 1045, 1046 (Comp. St. Ann. Supp. 1919, §§ 3115¹¹/₁₂f–3115¹¹/₁₂ggg, 3115¹¹/₁₂h). As the war prohibition acts are expressly saved from repeal by section 7, title 1, of the Volstead Act, the "exist-

ing laws" mentioned in section 35, title 2, must be some or all of the older statutes, such as the "Reed Amendment," section 5, Act March 3, 1917, 39 Stat. 1069 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 8739a), Act. Oct 3, 1917, 40 Stat. 329 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10387e), Act Feb. 8, 1875, 18 Stat. 310 (Comp. St. § 5966), and sections 3258, 3279, 3296, Revised Statutes (Comp. St. §§ 5994, 6019, 6038).

Sections 3, 6, and 12 of title 2 of the Volstead Act contemplate and provide for the manufacture under permit of potable liquor for medicinal and scientific uses. Title 3 provides a rather elaborate scheme for the manufacture of high-proof liquor for industrial uses. The word "liquor," as used in title 2 (section 1), includes the phrase "distilled spirits," used in section 3296; and the definition of "alcohol," in section 1 of title 3, is identical with the definition of "distilled spirits," in section 3248, Rev. St. (Comp. St. § 5982). Section 9 of title 3, providing for "industrial alcohol plants," reads in part:

"Industrial alcohol plants and bonded warehouses established under the provisions of this title shall be exempt from" some 40 sections of the Revised Statutes, including sections 3258 and 3279, but not including section 3296, although the 13 sections immediately preceding section 3296 are included.

The intention that section 3296 shall be preserved, at least in respect to industrial alcohol plants, is obvious; and, in view of this section (9 of title 3), it is equally obvious that the presumption of law that the lawmakers knew of the existence of section 3296 (Sutherland, Statutory Construction, § 333; 36 Cyc. 1135) is reinforced by actual knowledge. Hence it cannot be argued that the draftsmen of the Volstead Act were ignorant of the provisions of section 3296.

[3-6] A. It will tend to clearness to discuss first the clause prohibiting the removal of untaxed liquor. In this district it is a common practice of the illicit distillers to collect the liquor at the distillery in barrels and then roll the barrels along the ground (usually down grade and for no very great distance) to some place of temporary concealment. Another method, sometimes employed, is to run the liquor from the distillery to a place of concealment by means of a hidden line of pipe. Section 6 of title 2 of the Volstead Act forbids any one to "transport" liquor without a permit. There is at least room for some doubt if, giving to the word "transport" its ordinary signification, it could properly be said that rolling a barrel of liquor along the ground, or running liquor through a pipe, was "transporting" liquor, and, if not, here are at least two methods of removing liquor which are not covered by the transporting clause of the Volstead Act.

It is true that section 3296 and the transporting clause (section 6, title 2) of the Volstead Act may in some cases both apply to the same transaction. For instance, if one were, without a permit, to convey a barrel of untaxed liquor in his wagon, he would violate both statutes. It is therefore argued that Congress could not have intended to keep this clause of section 3296 in force, as it is said that it would be unconstitutional to make one and the same act a violation of two statutes. There is no constitutional objection to making one act or one

transaction a violation of two statutes, although both emanate from the same sovereignty, if each offense embraces an element not embraced in the other. See Carter v. McClaughry, 183 U. S. 365, 394, 395, 22 Sup. Ct. 181, 46 L. Ed. 236; Gavieres v. U. S., 220 U. S. 338, 31 Sup. Ct. 421, 55 L. Ed. 489; Ebeling v. Morgan, 237 U. S. 625, 630, 631, 35 Sup. Ct. 710, 59 L. Ed. 1151. In each of the above cases the Supreme Court cites with approval Morey v. Commonwealth, 108 Mass. 433, in which it is said:

"A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other."

I assume that in a prosecution for transporting liquor without a permit the government would not have to prove the want of the permit in order to make out a prima facie case. 16 C. J. 530; 1 Elliott, Ev. § 141; 4 Wigmore, Ev. § 2512. But if the defendant should introduce any substantial evidence tending to show that the transportation had been authorized by a permit, the government would then have to introduce evidence that no permit was issued, or that it was obtained by fraud, or that it did not apply to the act of transportation charged. Consequently it must be held that the want of a permit is an element in the offense of transporting under the Volstead Act, and this element clearly does not exist in cases for removing under section 3296. In a prosecution under section 3296 (when the removal is accomplished by transportation, as well as in all other cases), an element of the offense is the fact that the liquor was untaxed, which must be proved by the government; and this element does not exist in prosecutions for transporting under the Volstead Act. It seems to follow that the argument for repeal, based on the impropriety of imputing to Congress an intent to violate the Constitution, is of no force; and as it is constitutional to make the same transaction a violation of both statutes, the intent of the Volstead Act could have been to leave the removal clause of section 3296 in force.

It is said that the two statutes are inconsistent. When the identical offense denounced by an old statute under a heavy punishment is by a more recent statute made punishable with less severity, there is inconsistency. The intent shown by the recent statute is repugnant to and contradictory of an intent to keep in force the old statute. But such is not the situation here. Since the two statutes denounce different offenses, the fact that different punishments are affixed does not show repugnance. Where each offense embraces an element not existing in the other, the foundation for predicating inconsistency is wanting. There is no inconsistency in an intent to punish differently different offenses. I know of no reason for saying that the intent of the framers of the Volstead Act may not have been to permit prosecutions under both of these statutes. Punishing moderately the movement of taxed liquor, or of liquor not proved to be untaxed, does not seem at all inconsistent with an intent to punish severely the movement of liquor proved to be untaxed. The mere fact that one who is removing un-

taxed liquor may also be transporting liquor without a permit goes to show that these two criminal statutes may be violated by one transaction; but it affords no reason for denial of an intent to enforce either or both statutes, although with different punishment for the two offenses.

By far the commonest difficulty encountered by the government in prosecutions for removals of liquor under section 3296 is that of proving beyond reasonable doubt that the liquor was untaxed. A recognition of this difficulty and an intent to aid and supplement the old statute by the transporting clause of the Volstead Act seems to me to comport with the chief purpose of the framers of the Volstead Act much better than does an intent to repeal the removal clause of section 3296. Both statutes are useful in preventing the use of intoxicating liquor as a beverage. Neither fully covers the ground; but the two together seem to reach every method of evading the fundamental intent of the Volstead Act, in so far as the movement of liquor is concerned, and the use of intoxicating liquor as a beverage to any considerable extent necessitates movement of liquor.

It is further argued that the Volstead Act completely covers the field, and that therefore the intent to repeal the old statutes is implied. I have mentioned at least two methods of removing illicitly made liquor which plainly violate section 3296, and which probably cannot properly be treated as within the transporting clause of the Volstead Act. Moreover, I have not found in the Volstead Act any prohibition of the act of concealing liquor (taxed or untaxed), none of working in an illicit distillery, and none of carrying material for distillation to such a distillery. The old statutes (sections 3279 and 3296, R. S.), which forbid such acts, have always been among the most efficient checks on the illicit manufacture of liquor. It seems, therefore, that a statute which omits such prohibitions cannot be said to completely cover the field; and indeed the very absence of such prohibitions in the Volstead Act is itself strong evidence of an intent to keep in force such of the old statutes as supply the deficiencies of the new statute.

[7] B. The effect of section 25, title 2, of the Volstead Act on the removal clause of section 3296 must also be considered:

"It shall be unlawful to have or possess any liquor * * * intended for use in violating this title. * * *"

One who is engaged in removing untaxed liquor may in many cases be said to have or possess the liquor, and the fact that the liquor is intended for use in violation of some one or more of the provisions of title 2 of the Volstead Act would in many cases be readily inferable from the surrounding circumstances. If section 25 is applicable to every case in which a conviction under section 3296 may be had, there would be more force in an argument for an implied intent to repeal the old statute. There is, however, at least one class of cases to which section 3296 clearly applies, and to which section 25 could be applied only by rather violently straining the meaning of the words of the statute. In this district the majority of removals of liquor (in considerable quantity) are made (at night) in automobiles or motor trucks,

and frequently the chauffeur is the employé of the owner of the liquor. If, as may frequently happen, the owner of the liquor rides with the chauffeur, it could not very fairly be said that the chauffeur had had or had possessed the liquor. The owner of the liquor being present, it is he who has and is in possession of the liquor, rather than his employé. The employé may, and usually does, violate section 3296, but cannot fairly be said to violate section 25 of the Volstead Act. No reason is perceived for the existence of an intent on the part of the framers of the Volstead Act to exempt from prosecution the many chauffeurs who are employed by illicit distillers to remove untaxed liquor.

It is hardly necessary to say that the two offenses are different, and that each has an element not in the other. Under section 3296 it must be proved that the liquor was untaxed; under section 25 it must be proved that the defendant was in custody or possession of the liquor, and that the unlawful intent existed. On the whole, an intention on the part of the framers of the Volstead Act that this clause, as well as the transporting clause, should overlap and supplement section 3296, seems much more probable than intent to repeal the removal clause of section 3296.

[8] C. The clause of section 3296 prohibiting concealing untaxed liquor next requires consideration. The offense of maintaining a common nuisance, under section 21, title 2, of the Volstead Act, is so entirely different from the act of concealing untaxed liquor, that no discussion of section 21 seems necessary. By section 25, title 2, of the Volstead Act, it is forbidden to have or possess any liquor intended for use in violation of title 2.

If, as may happen, the person who conceals untaxed liquor is not the owner of the liquor, and if the owner be present at the time, it could not fairly be said that the employé had had or had possessed the liquor although he might clearly violate the concealing clause of section 3296. As the act of concealing liquor (taxed or untaxed) is not expressly prohibited by the Volstead Act, I can find no good reason for an implied intent to repeal this clause of the old law. The old statute will in some cases be useful in carrying out the chief purpose of the framers of the new statute, the two offenses are not the same, different evidence is required, and there is no inconsistency. An intent to punish severely the act of concealing untaxed liquor and an intent to punish moderately the act of possessing liquor with the forbidden intent are not repugnant; and, as taxes are still imposed on the manufacture of every kind of intoxicating liquor, it is a graver offense to conceal untaxed liquor than to possess liquor which has been or may have been taxed.

The most satisfactory conclusion I have been able to reach is that the framers of the Volstead Act did not intend a repeal of any part of section 3296.