## UNITED STATES v. SACEIN ROUHANA FARHAT.

(District Court, S. D. Ohio, E. D.   October 26, 1920.)

No. 1348.

1. **Internal revenue ⊗⇒2—Laws not repealed by National Prohibition Act.**
   Under National Prohibition Act, tit. 2, § 35, providing that "all provisions of law that are inconsistent with this act are repealed only to the extent of such inconsistency, and the regulations herein provided for the manufacture or traffic in intoxicating liquor shall be construed as in addition to existing laws," there is no general repeal of the internal revenue laws relating to the manufacture of liquor and any provision of such laws that can stand with those of the act is not repealed by implication.

2. **Criminal law ⊗⇒200 (4)—Internal revenue ⊗⇒2—Conviction under Prohibition Act not bar to prosecution under internal revenue laws.**
   Rev. St. §§ 3258, 3260, 3279 (Comp. St. §§ 5994, 5997, 6019), requiring distillers to register their stills, to give bond and to maintain signs on their distilleries and imposing penalties for their violation, *held* not repealed by the National Prohibition Act, and a prosecution thereunder *held* not barred by a prior conviction for violation of tit. 2, § 6, of such act by manufacturing liquor without a permit.

3. **Criminal law ⊗⇒196—Identity of offenses defined.**
   The test of identity of offenses, when double jeopardy is claimed, is whether the same evidence would sustain a conviction in either case.

Criminal prosecution by the United States against Saccin Rouhana Farhat. On motions for new trial and in arrest of judgment. Overruled.

James R. Clark, U. S. Dist. Atty., of Cincinnati; Ohio, and Wm. J. Ford and Dana F. Reynolds, Asst. U. S. Dist. Attys., both of Columbus, Ohio.

F. S. Monnett, of Columbus, Ohio, for defendant.

SATER, District Judge.   Two indictments, Nos. 1349 and 1348, were returned at the same time against the defendant. Indictment No. 1349, consisting of a single count, was laid under the Act of October 28, 1919, known as the National Prohibition or Volstead Act (41 Stat. 305), and charges that he unlawfully and willfully manufactured at his residence for beverage purposes whisky containing more than one-half of 1 per cent. of alcohol by volume, without having obtained a permit or authorization so to do. He entered a plea of guilty and was fined.

Indictment No. 1348 charges, in the first count, that at the same time and place, in violation of section 3258, Rev. St. U. S. (Comp. St. § 5994), he had in his possession, custody, and control, a set-up still

and distilling apparatus for the production of spirituous liquors, without having the same registered as required by law; in the second count, that under section 3260 (section 5997) he carried on the business of a distiller of spirituous liquors without having given the lawfully required bond; in the third count, that in disregard of section 3257 (section 5993) he engaged in the business of a distiller of spirituous liquors with intent to defraud the United States of the tax on the spirits distilled by him; and in the fourth count, that contrary to the provisions of section 3279 (section 6019) he worked in a distillery for the production of spirituous liquors upon which no sign bearing the words "Registered Distillery" was placed and kept. When his plea of guilty was entered in case No. 1349, his counsel gave notice that he would assail the second indictment on the ground that the National Prohibition Act had repealed the internal revenue statutes, and that the defendant, if tried under indictment No. 1348, would be twice placed in jeopardy for the same offense. The question was not, however, raised until the case was called for trial to a jury. On account of the unexplained delay in presenting the tendered questions and the court's doubts of their meritoriousness, the plea in abatement was overruled and the trial progressed. The defendant was acquitted on the third count, but found guilty on the first, second, and fourth. A motion for a new trial and also in arrest of judgment followed. The case is now for decision on the motions.

[1] The primary object of the Prohibition Act is the prevention of the use of intoxicating liquors as a beverage, although it retains features of a revenue law. To effectuate that purpose the statute requires that all of its provisions shall be liberally construed. Section 3, title 2. That the manufacture of intoxicating liquors is still permissible, note the enacting clause of the statute and sections 3, 10, 11, 12, 25, and 28 of title 2. The right thus to manufacture is necessarily implied by sections 6, 18, 21, and 29 of the same title. Section 35 provides that—

"All provisions of law that are inconsistent with this act are repealed only to the extent of such inconsistency and the regulations herein provided for the manufacture or traffic in intoxicating liquor shall be construed as in addition to existing laws. This act shall not relieve any one from paying any taxes or other charges imposed upon the manufacture or traffic in such liquor."

Then follows the further provision that, if there be an illegal manufacture or sale, the tax assessed against the offender shall be double the amount provided by the then existing law, with a further penalty added as to retail dealers and manufacturers, and that payment of the tax or penalty shall give no right to engage in the manufacture or sale of liquor or relieve from a criminal or civil liability incurred under existing laws. Section 28 also contemplates the continuance of the revenue laws in so far at least as they pertain to both the manufacture and the sale of intoxicating liquors in that it provides that—

"The Commissioner [of Internal Revenue], his assistants, agents, and inspectors, and all other officers of the United States, whose duty it is to enforce criminal laws, shall have all the power and protection in the enforcement of this act or any provisions thereof which is conferred by law for the

enforcement of existing laws relating to the manufacture or sale of intoxicating liquors under the law of the United States."

Section 9, title 3, pertaining to industrial alcohol, exempts industrial alcohol plants and bonded warehouses established under that title from the provisions of a large number of sections of the revenue law, of which sections 3258, 3260, and 3279 are a part.

The act, not specifying any statute or part of a statute to be repealed, contains no express repeal. 26 Am. & Eng. Ency. Law, 718. Whatever repeal of prior statutes is effected arises by implication. By the very language of section 35, the repeal extends only to those acts or parts of acts on the same subject, which are inconsistent and irreconcilable with the provisions of the repealing act, and only to the extent of such conflicting provisions, and such must be the effect given to its repealing provisions. 26 Am. & Eng. Ency. Law, 719, 725; Beals v. Hale, 4 How. 37, 11 L. Ed. 865, note; Wood v. U. S., 16 Pet. 342, 366, 10 L. Ed. 987; Street Ry. Co. v. Pace, 68 Ohio St. 200, 67 N. E. 490. In State v. Roosa, 11 Ohio St. 16, 27, it is ruled that a strong repugnancy or irreconcilable inconsistency must exist, else the later statute does not by implication repeal the prior one. The provision for repeal of inconsistent acts strongly implies that there may be acts on the same subject that are not repealed. Hess v. Reynolds, 113 U. S. 73, 79, 5 Sup. Ct. 377, 28 L. Ed. 927. If the Prohibition Act and the sections of the internal revenue law here in question may both stand, such sections are not repealed. State v. Roosa, supra; Ludlow's Heirs v. Johnston, 3 Ohio, 553, 564, 565, 17 Am. Dec. 609; Edgington v. U. S., 164 U. S. 361, 363, 17 Sup. Ct. 72, 41 L. Ed. 467. Implied repeals of the revenue law are not favored. In U. S. v. 67 Packages of Drygoods, 17 How. 85, 93 (15 L. Ed. 54), Mr. Justice Nelson, in speaking for the Supreme Court, said:

"In the interpretation of our system of revenue laws, which is very complicated, and contains numerous provisions to guard against frauds by the importers, this court has not been disposed to apply with strictness the rule which repeals a prior statute by implication, where a subsequent one has made provision upon the same subject, and differing in some respect from the former, but have been inclined to uphold both, unless the repugnancy is clear and positive, so as to leave no doubt as to the intent of Congress, especially in cases where the new law may have been auxiliary to and in aid of the old, for the purpose of more effectually guarding against the fraud."

The fact that the portion of the revenue law under consideration in that case related to duties on imported goods does not render the rule inapplicable. See, also, Wood v. U. S., 16 Pet. 342, 363, 10 L. Ed. 987; Saxonville Mills v. Russell, 116 U. S. 13, 21, 6 Sup. Ct. 237, 29 L. Ed. 554; Zickler v. Union Bank & Trust Co., 104 Tenn. 277, 57 S. W. 341.

The Volstead Act was designedly made drastic in its provisions. The contention that the revenue laws relating to the manufacture and sale of liquors are repealed does not consist with the provisions of the act that its regulations for the manufacture of intoxicating liquors shall be construed to be in addition to existing laws, that the tax imposed by the revenue laws shall be continued, and that the laws

relating to the manufacture or sale of intoxicating liquors shall be enforced. Section 9, title 3, by exempting industrial alcohol plants and bonded warehouses from the requirements of given sections, necessarily implies that manufacturers operating other kinds of liquor producing plants are not thus exempt. If the act repealed the revenue laws as an entirety, that section is superfluous. Such a conclusion is not permissible, if a construction can be legitimately found which will give force to and preserve all the language of the statute. Leversee v. Reynolds, 13 Iowa, 310; 36 Cyc. 1128.

There can be no general repeal of the revenue laws by the Prohibition Act, for the reason the Congress by necessary import declared by section 35 that no such repeal was intended. Blain v. Bailey, 25 Ind. 165, 166; Robinson v. Rippey, 111 Ind. 112, 116, 12 N. E. 141. In the last-named case it was held that, in the face of an express and unequivocal assertion in a statute that it is not the intention to repeal a former law, no such intention can be implied from the fact that the new statute covers the whole subject, if both acts may stand. It will not be presumed that the Congress intended a general repeal of the prior statutes, unless the Prohibition Act is so broad in its terms and so clear and explicit in its words as to show it was intended to cover the whole subject, and therefore to displace the prior statute. Frost v. Wenie, 157 U. S. 46, 58, 15 Sup. Ct. 532, 39 L. Ed. 614; Diver v. Savings Bank, 126 Iowa, 691, 696, 102 N. W. 542, 3 Ann. Cas. 669. An analysis of that act and the revenue laws discloses that the act does not cover the entire subject. On this point see, also, U. S. v. Turner (D. C.) 266 Fed. 248.

[2] There being no general repeal of the revenue laws, the question remains: Are the sections of those laws here in question inconsistent with the Prohibition Act? The Congress might have provided that a person may manufacture liquor without requiring the registration of his still, the giving of a bond to conform to stated requirements of the law, the payment of a tax on the liquor produced, or the display of a sign bearing the words "Registered Distillery," or their fair equivalents. Compliance with these statutory requirements has nothing whatever to do with the mere process of manufacture, and, had the Congress seen fit so to do, it need not at any time have imposed any of them. Each of the sections under consideration contains a requirement of a manufacturer not found in the Prohibition Act, and imposes a penalty for its disregard. We have seen that the act specifically provides that the taxing features of existing laws shall be retained, but we are required to look to the revenue laws to see what tax is imposed. This provision would dispose of the claim, adversely to the defendant, that section 3257, under which the third count is laid (if that section were now before us), is repealed.

The law making body authorized the manufacture of intoxicating liquors for other than beverage purposes, subject, however, to existing laws not inconsistent with the Prohibition Act. Prior to that time the illicit manufacture of liquors—moonshining—was in some portions of the country quite common. Such manufacture was prohibited. Penalties for such unlawful manufacture were imposed. It was competent

for the Congress, when, by the enactment of the prohibition law, it limited the manufacture of intoxicating liquors to other than beverage purposes, to provide that the same penalties as were imposed on those who manufactured unlawfully prior to its passage should be inflicted on those who made liquors unlawfully after it became operative. This it could do and did do as effectually by retaining in force the then existing penalizing statutes as by enacting them anew in the prohibition law. Proof of manufacturing may be given, which will warrant a conviction under section 6, title 2, of the Volstead Act, without the submission of any evidence of failure to register the still, as required by section 3258, or to give bond, as required by section 3260, or to place and maintain the sign of a registered distillery on the occupied premises, as required by section 3279.

In the trial of the present case the United States offered proof of the unauthorized manufacture of liquor by the defendant, as it would have been required to do, to convict under indictment No. 1349, had defendant contested the charge made in it; but it also introduced evidence to show that the provisions of each of the three above-named sections had been violated. It was necessary that it should do so in order to convict. The proof which would bring conviction under section 6 of the Prohibition Act would have fallen short of establishing the government's case on any of the counts in the case under consideration. The Volstead Act is manifestly not a substitute for the revenue statutes. The two statutes denounce different offenses. The penalties provided by each are enforceable. Sections 3258, 3260, and 3279 are not inconsistent with the provisions of the Prohibition Act.

[3] The defendant, so the jury found, sinned against two statutes. A conviction under one is no bar to conviction and sentence under the other. In Gavieres v. U. S., 220 U. S. 338, 342, 343, 31 Sup. Ct. 421, 423 (55 L. Ed. 489), Mr. Justice Day, speaking for the Supreme Court, quoted with approval from Morey v. Commonwealth, 108 Mass. 433, as follows:

"A conviction or acquittal upon one indictment is no bar to a subsequent conviction and sentence upon another, unless the evidence required to support a conviction upon one of them would have been sufficient to warrant a conviction upon the other. The test is not whether the defendant has already been tried for the same act, but whether he has been put in jeopardy for the same offense. A single act may be an offense against two statutes, and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other."

See, also, Carter v. McClaughry, 183 U. S. 365, 394, 395, 22 Sup. Ct. 181, 46 L. Ed. 236; Burton v. U. S., 202 U. S. 344, 377, 26 Sup. Ct. 688, 50 L. Ed. 1057, 6 Ann. Cas. 392; U. S. v. Turner, at pages 250, 251; Byrne, Fed. Cr. Proc. § 217. In Kelly v. U. S., 258 Fed. 392, 397, 169 C. C. A. 408, 413 (C. C. A. 6), the plea of autrefois acquit was urged. In disposing of it Judge Warrington said:

"Such a plea, however, is unavailing, unless the offense presently charged is precisely the same in law and fact as the former one relied on under the plea."

See, also, Bens v. U. S., 266 Fed. 152, 160 (C. C. A. 2).

The test of identity of offenses, when double jeopardy is claimed, is whether the same evidence is required to sustain them. If not, then the fact that both charges relate to and grow out of one transaction does not make a single offense, where two are defined by the statutes. Morgan v. Devine, 237 U. S. 632, 641, 35 Sup. Ct. 712, 59 L. Ed. 1153. The offenses charged in the indictment under consideration (No. 1348) are not the same as that laid in the other indictment.

The sections of the internal revenue law under which the defendant was convicted not having been repealed by the Prohibition Act, the defendant has not been twice put in jeopardy for the same offense. In considering the case the court has not been unmindful of the rulings made in U. S. v. Windham (D. C.) 264 Fed. 376, U. S. v. Sohm (D. C.) 265 Fed. 910, U. S. v. One Essex Automobile (D. C.) 266 Fed. 138, and U. S. v. Turner (D. C.) 266 Fed. 249.

Both motions are overruled. Exceptions may be noted.