given by the Willis's after their acquisition of that property to it.

Considering the averments of this pleading and the relief which may be afforded (if the contentions of the plaintiff are true), and the requirements which may be made of the defendants, the Willis's, and of the plaintiff, our opinion is that the demurrer of the American Loan & Savings Association ought to be overruled. It will not do for a court to say that if a man acquires property fraudulently, and thereupon gives a mortgage to a *bona fide* mortgagee, that our hands are tied and that the plaintiff may not have any equitable relief from the fraud which was imposed upon him. There were conditions in the case referred to by counsel for the American Loan & Savings Association not present here as shown by the allegations of the petition in this case. At any rate, unless the facts were all before the court in evidence we would hesitate to make an application of that rule of equity which might relegate this plaintiff to an action at law because of the interposition of this mortgagee.

The demurrers are overruled.

Common Pleas Court of Hamilton County.

JOHN C. McCARTHY V. CITY OF CINCINNATI.

Decided ——————, 1928.

*Albert T. Hoffman,* for plaintiff in error.

*James E. O'Connell,* assistant city solicitor, for defendant in error.

SHOOK, J.

Proceedings in error were brought into this court in the above entitled case. Plaintiff in error, defendant below was found guilty of violating an ordinance in that said defendant "did unlawfully park said vehicle for more than sixty consecutive minutes in the congested district."

The only evidence offered by the city in support of its case was a copy of the record in the county auditor's office, showing that automobile license No. 286358 (which corresponded to the license number attached to this automobile) appeared to belong to John C. McCarthy. There is absolutely no evidence presented in the record connecting plaintiff in error with any violation of this particular ordinance. The officer who tagged the car disclaimed any knowledge that defendant was connected with the parking of the automobile at the time it was tagged. Further, the police officer who signed the affidavit, charging the offense, gave the following answer to a question on page 6 of the record:

"Q. I will ask you, officer, at the time that you swore to the facts contained in this affidavit, whether or not you knew of the truth or falsity of those facts? (That is, the facts stated in the affidavit.)
"A. I did not."

Counsel for defendant in error argued, with great force, that a *prima facie* case was presented in connecting the number on the tag attached to the automobile with the corresponding number on file in the county auditor's office, and by the fact that it was shown that the automobile was parked for more than sixty consecutive minutes, and that the burden was then upon the defendant to prove his innocence.

We have carefully studied the authorities presented and find that they are not in conflict with the general rule. In 16 Corpus Juris, page 531, the controlling language in

the quotation submitted by counsel for defendant in error is the following:

"The rule that the burden of proof rests on the state and that this burden never shifts with reference to the establishment of the *corpus delicti, and the defendant's complicity,* with the burden of introducing evidence to establish a defense can never be placed on the accused until after the state has made out a case overcoming his presumption of innocence and proving guilt of the accused beyond a reasonable doubt."

In the case of *Agnew* v. *United States,* 165 U. S. (also cited by defendant in error), page 36, at page 51, the Supreme Court of the United States held that the trial court did not err in giving to the jury the following instructions :

"The defendant is presumed to be innocent of all the charges against him until he is proven guilty by the evidence submitted to you. This presumption remains with the defendant until such time in the progress of the case that you are satisfied of the guilt beyond a reasonable doubt."

It will be noted that the gravamen of the offense charged is the unlawful parking of this vehicle by the defendant, John C. McCarthy—not the ownership of the car. It is common knowledge that owners of automobiles frequently allow other members of the family and acquaintances to use their automobiles. Grave injustice would be done in many cases if the owners of automobiles so used were to be held responsible in criminal cases for the violation of the law, without the knowledge or consent of the owners.

It is urged as a matter of expediency and of practice that the court should place the burden upon the defendant under these circumstances. It is argued that it would be impracticable in a large number of cases to obtain convictions in this type of case, if the burden were placed upon the city to prove that the owners had disobeyed the law.

We conceive our duty to be confined to the interpretation of the law, especially where fundamental rules of procedure and long established principles of law are involved.

In the case of *Oliver Fuller* v. *The State of Ohio,* 112 O. S., 433, the rule applicable is stated in the syllabi as follows:

"1. Upon the trial of all criminal causes, the law presumes the party charged with crime to be innocent, and the burden of proof is upon the prosecutor, unless a different rule has been provided by statute.

"2. This legal presumption of innocence can be overcome only by full proof, such as will exclude all 'reasonable doubt of the guilt of the accused. And the reason of this rule resting upon the presumption of innocence, makes it applicable in all criminal trials."

In Wharton's Criminal Evidence, page 621, we find the following language:

"The burden of proof in criminal prosecutions is never on the defendant, in the sense understood in civil cases, for the reasonable doubt and presumption of innocence extends to the entire case. The burden of proof never devolves upon defendant when he confines himself to a traverse of the issues tendered in the indictment. The correct principle is that when the defendant in a criminal prosecution relies on no separate, distinct, and independent fact, but confines his defense to the original transaction on which the charge is founded, with its accompanying circumstances, the burden of proof continues throughout on the prosecution. It is only when the defendant sets up independent matters of defense, or matters in avoidance of the allegations of the indictment that the burden of proof is on the defendant."

Therefore, we find that the state has failed to present a *prima facie* case, that is, that it failed to overcome the presumption of innocence before it rested. The city failed to prove any connection between plaintiff in error and the violation of the ordinance. The officer signing the affidavit admits that he did not know whether the facts alleged therein were true or false. The officer who tagged the car could not in any way connect the plaintiff in error with the alleged violation.

Wherefore, the judgment of the Municipal Court must be, and hereby is, reversed. An entry should be presented accordingly.