Common Pleas Court of Hamilton County.

### BURKE V. CINCINNATI.*

Decided December 11, 1929.

*Leo A. Burke,* for plaintiff in error.

*For a different holding upon somewhat different proof, see *McCarthy* v. *Cincinnati,* 27 N. P. (N. S.), 363.

*H. J. Wernke, James E. O'Connell,* for defendant in error.

DARBY, J.

The plaintiff in error was prosecuted in the Municipal Court of Cincinnati, for the violation of an ordinance of the city, which forbids the parking of automobiles within a certain distance of fire plugs. The sufficiency of the affidavit was not questioned, and does not seem to be open to question.

In *Murphy* v. *City,* 108 O. S., 342, and other cases decided by the Supreme Court, it was held:

"1. Municipalities have full power to regulate or control the use of their own streets."

The ordinance is in the interest of public safety and fire protection, and must be held to be a reasonable regulation.

The question presented by the petition and brief of plaintiff in error, is as to the sufficiency of the evidence. No evidence was offered on behalf of the defendant below, nor was there any cross-examination of the witness who testified for the city.

The only evidence offered was that of a police officer of the city, who testified that on the day in question, he tagged a certain automobile because it was parked nine feet from a fire plug, which was contrary to the ordinance. The officer was questioned, and made answers as below:

"Q. What's the number of that car?
A. 344-583 Ohio.
Q. Do you know whose car that is?
A. No."

Immediately after the testimony given, the following occurred, as appears by the record:

"Mr. O'Connell: Will you admit that is your car?
Mr. Burke: I am not admitting anything.
Mr. O'Connell: We will have to ask for a continuance to get the clerk from the Court House to show that's Mr. Burke's car.

Mr. Burke: Why not get this officer's testimony.

Q. That all happened in this city, county and state?

A. Yes sir.

Stipulation: It is agreed that car No. 344-583 belongs to the defendant Leo Burke."

No other evidence was offered, and the conviction followed.

It will be observed that the car number referred to in the stipulation was the same car number as referred to in the officer's testimony.

The point is made that there was no witness who testified he saw the defendant park the car at the place referred to, and that there was therefore a failure of evidence, and the defendant below should have been dismissed.

The case of *McCarthy, Plaintiff in Error,* v. *City, Defendant in Error,* was decided by the Court of Appeals of this district (without opinion), on December 9, 1929. The only point upon which that decision was made, was that there was nothing in the record to show that the person who procured the license was the plaintiff in error in that case, nor was there anything to show that he owned the car, and the conviction was reversed.

In the case at bar there is a clear stipulation and agreement that the car which was tagged because of the violation of the ordinance, was the car of the plaintiff in error. The stipulation is that the car was the car of the defendant, and presumably the number referred to was the license plate.

The plaintiff in error having admitted that the car in question, bearing the number, was his automobile, takes the case entirely from within the McCarthy case. The license plate and the car are presumed to be under the control of the owner of them, in the absence of any showing to the contrary.

It would be conceded by general principles that one accused of any offense must be shown to be guilty beyond reasonable doubt.

A well recognized rule of evidence is, that when a fact

is peculiarly within the knowledge of a party to an action, whether it be civil or criminal, and is susceptible of proof by him because of such peculiar knowledge, he may be required to prove that fact.

In this case, if the defendant below did not park the car at the place named, or, if it had been stolen from him and parked there by somebody else, he could have readily given those facts in evidence to the court, and unless the city had then offered evidence of his guilt, he must of necessity have been acquitted.

The exception above stated, requiring proof of a fact by one having peculiar knowledge of it, is recognized by all courts and all text writers, and applies equally to civil and criminal cases. In *Moody* v. *State*, 17 O. S., 111, on p. 112, it was held that the fact that the operation in question was not advised to be necessary was susceptible of proof by the defendant, and "therefore the burden of proving this negative matter would not fall within the rule that controls the production of proof as to the other negative clause."

A multitude of authorities have laid down the rule that in a criminal action for engaging in business, or selling goods, property or article without a license, the state makes a *prima facie* case upon proof of the unlawful engaging in business or sale, as the case may be, and the defendant is required to produce evidence that he has a license.

Numerous cases to this effect are referred to in the brief of the defendant in error, all of which sustain the principle as it applies to a sale of liquor, or the removal of liquor without a license, or permit, under the National Prohibition Act. See *U. S.* v. *Turner*, 266 Fed., 248; *Farone* v. *U. S.*, 259 Fed., 507; *Kiersky* v. *U. S.*, 263 Fed., 684; *Albert* v. *U. S.*, 281 Fed., 511; *Dillon* v. *U. S.*, 279 Fed., 639. In addition to these cases decided by the federal court, the state courts have sustained the same position. In one case it was stated: "If the defendant has one (a license), he can show it." In another, it is said that the onus of proving a license is on the defendant, and

in various forms the courts have all sustained the principle that the fact of having a license being peculiarly within the knowledge of the defendant, and the possession of the license or permit being in him, he could immediately produce the same and no hardship is visited upon him. See *Williams* v. *State,* 35 Ark., 430; *Josey* v. *State,* 88 Ark., 269; *State* v. *Back,* 36 Minn., 234; *State* v. *Foster,* 23 N. H., 348; *State* v. *Crowell,* 25 Me., 171; *Thomas* v. *State,* 37 Miss., 253; *Noecker* v. *State,* 91 Ill., 468; *Birr* v. *State,* 113 Ill., 645; *Jackson* v. *Camden,* 48 N. J. L., 89; *State* v. *Emery,* 98 N. C., 668. This list could be indefinitely extended, but the principle involved in all is the same.

Applying the principle to the case at bar, it is agreed that the plaintiff in error owned the automobile in question; it will be presumed that it was under his control, and the proof shows that it was in a prohibited place; it therefore became the duty of the defendant below to offer some evidence, no matter how slight, to show that the automobile was not parked there by him.

The court below was therefore correct in its holding against the defendant, and the judgment will be affirmed.