**COLUMBUS (City), Plaintiff-Appellee, v. WEBSTER, Defendant-Appellant.**

Ohio Appeals, Tenth District, Franklin County.

No. 5984. Decided December 9, 1958.

Russell Leach, City Atty., Bernard T. Chupka, City Pros., Columbus, for plaintiff-appellee.

C. William Malone, Columbus, for defendant-appellant.

(HORNBECK, J, of the Second District, sitting by designation in the Tenth District.)

402

## OPINION

Per CURIAM.

This matter comes on for consideration in this court from a decision and judgment of the Court of Common Pleas of Franklin County, Ohio.

It would appear that the defendant was charged in Municipal Court with six separate violations of the parking ordinances of the city, that two of them were nolle prossed and a motion to dismiss sustained in case of a third one, leaving three affidavits upon which the defendant was subsequently found guilty. The several charges in Municipal Court were discussed together in subsequent proceedings and we shall do so in this case.

At the trial, testimony of police officers was presented to show that in the locations and on the dates in question a vehicle was parked in violation of the ordinance. There was also testimony describing the car by make and year and by license plate with further testimony as to what appeared on the records of the Bureau of Motor Vehicles namely, that the car was registered in the name of the defendant in this case.

The testimony of the officers was, and it was stipulated, that the officers did not know who the driver of the car was in any of the alleged violations in question and it was further stipulated that the defendant was the owner of the motor vehicle in question.

On behalf of the prosecution, reliance was placed on a city ordinance specifying that in a case such as the present one the owner shall be prima facie liable for the violation. This ordinance known as Section 27.334 of the Columbus Municipal Code provides as follows:

"If any vehicle is found upon a street, highway, alley, park or other public grounds of the city in violation of any provision of this chapter, or any ordinance of this city, regulating the stopping or standing or parking of vehicles, and the identity of the driver cannot be determined, the owner, or person in whose name such vehicle is registered shall be held prima facie responsible for such violation."

Counsel for defendant attacked the prosecution evidence on the ground of insufficiency and the prosecution relied upon the presumption claimed to have been created by the ordinance just above quoted as supplying the missing element in this case. It was claimed that such ordinance created a rule of evidence curing any deficiency in the proof. The trial court found the defendant guilty and the case was appealed to the Common Pleas Court, where Reynolds, J., rendered a decision sustaining the conviction in the Municipal Court and upholding the validity of the ordinance. The two final paragraphs of the opinion by Judge Reynolds are as follows:

"The rule of evidence, making ownership a prima facie case in case of parking violations, is not only a reasonable but a necessary one to carry out the indispensable police regulations.

"The judgment of the Municipal Court is therefore affirmed and the appeal dismissed at appellant's costs."

One of the most recent authorities we have found dealing with the question here involved is 5A American Jurisprudence 1014, Automobiles and Highway Traffic, §1256, Parking Violations, providing as follows:

"Cases involving charges of parking violations present peculiar difficulties as to proof of the person who actually operated the car at the time the violation was committed, since it is impractical to provide sufficient police to wait at each improperly parked vehicle until the operator returns. Recognition of this difficulty has led to judicial approval of a rule established by legislative action that the owner of a car improperly parked may be regarded as at least prima facie responsible for the violation. Thus, in a number of jurisdictions, statutes or ordinances providing that the fact that an automobile was parked in violation of the statute or ordinance may be taken as prima facie evidence that the registered owner of the vehicle was responsible for the violation have been sustained as valid. The conclusion is that there is such a rational connection between the fact in evidence and the conclusion drawn that the presumption thus declared by the legislative body is proper. There is, however, a limitation upon the extent to which the legislature may act in this connection. An ordinance which provided that the registration plate displayed on the motor vehicle found illegally parked should, standing alone and unexplained, he deemed sufficient proof that the owner of the vehicle was responsible for the violation, but that if at any hearing or proceeding the owner should testify under oath that he was not so operating the vehicle and submit himself to an examination as to the person who at the time was operating the vehicle and reveal the identity of such person, if known to him, has been held invalid as compelling a person prosecuted to appear in court and be a witness.

"In a few cases it has been held that an inference of the owner's guilt of a charge of a parking violation is justified even in the absence of a statute or ordinance so providing. Other authority, however, holds that in the absence of legislative action establishing such a rule, it is not proper for the court to establish a presumption of an owner's guilt of a parking violation merely by proof of the fact that the car was illegally parked."

It is noted that the author of the foregoing article makes reference repeatedly to an annotation in 49 American Law Reports 2d Series, p. 436. Early in the annotation the writer cites cases arising in eight states upholding the validity of statutes or ordinances such as the one here under consideration. These include California, Illinois, Kentucky, Massachusetts, Michigan, Missouri, North Carolina and Pennsylvania. The annotation at p. 456 reads in part as follows:

"Cases involving charges of parking violations present peculiar difficulties as to proof of the person who actually operated the car at the time the violation was committed, since it is clearly impractical to provide sufficient police to wait at each improperly parked vehicle until the operator returns. Recognition of this difficulty has led to judicial approval of a presumption or inference that the owner of a car im-

properly parked may be regarded as at least prima facie responsible for the violation.

"Statutes or ordinances in a number of jurisdictions have provided that a showing that an automobile was parked in violation of the statute might be taken as prima facie evidence that the registered owner of the vehicle was responsible for the violation. The courts have usually regarded such provisions as valid."

It would appear from the foregoing that by the overwhelming weight of authority over the country, this ordinance must be sustained.

We had been referred to two earlier Ohio cases having to do with this problem. We note that in neither one was there an ordinance creating a prima facie case of responsibility upon proof of ownership but that otherwise they are much the same so far as the facts are concerned. Both arose upon appeals from convictions by the Municipal Court of Cincinnati.

In the case of McCarthy v. City of Cincinnati, 27 Ohio Nisi Prius Reports (N. S.) 362, the Hamilton County Common Pleas Court reversed the judgment of the Municipal Court of Cincinnati finding a defendant guilty of a parking violation. The trial court in absence of an ordinance making the owner of the parked car prima facie responsible upon proof of ownership, itself indulged in a presumption that the defendant was responsible for the illegal parking upon proof that the defendant was the owner of the car in question. From the report of a later Common Pleas Court case, which makes reference to the McCarthy case, supra, we learn that the McCarthy case, supra, was affirmed by the Court of Appeals of Hamilton County in an unreported opinion dated December 11, 1929. (See Burke v. Cincinnati, 27 Ohio Nisi Prius Reports (N. S.) 589 at page 591.)

The other Ohio decision which has been called to our attention is Burke v. Cincinnati, supra, which arrived at a contrary conclusion from that of the McCarthy case, supra. The trial court in the Burke case attempted to distinguish it upon the basis of a stipulation in the case in which the defendant admitted ownership of the motor vehicle in question.

While we are constrained to affirm the judgment of the court below in this case we feel that our holdings should be limited strictly to the facts and questions before us. We further have the feeling that the question arising in the McCarthy case, supra, where the court indulged in a presumption of responsibility and the instant case, where the municipal ordinance established such presumption, both cases involving convictions for violating a parking ordinance and both involving the question of the sufficiency of the evidence, that the judgment upon which we have agreed is in conflict with the judgment upon the same question by the Court of Appeals of Hamilton County in the McCarthy case, supra. We therefore consider the case now before us as a proper case to certify to the Supreme Court of Ohio and upon the request of counsel, if counsel desires, we will transmit the record to the Supreme Court for review and final determination.

For the reasons above set forth we are of the opinion that the ruling

of the court below, in light of the overwhelming weight of authority in this country, was correct and that the judgment of such court must be affirmed at the costs of the appellant.

PETREE, PJ, BRYANT and HORNBECK, JJ, concur.