## UNITED STATES v. FORTMAN.

### (District Court, W. D. Oklahoma. June 24, 1920.)

#### No. 2204

**Internal revenue ☞2—Volstead Act supersedes revenue laws.**

The Volstead Act, prohibiting the manufacture, and sale of intoxicants, supersedes prior revenue laws taxing such traffic, so that a person cannot be convicted for violating such revenue laws after the effective date of the Volstead Act.

Leonard H. Fortman was indicted for violating the revenue laws relating to intoxicating liquors, and moves to quash the indictment. Motion sustained.

Preslie B. Cole, Asst. U. S. Atty. (Herbert M. Peck, U. S. Atty., on the brief), for the United States.

J. B. Dudley, of Oklahoma City, for defendant.

POLLOCK, District Judge. Defendant in this case was indicted on four counts for violation of sections of the general revenue law. These violations are charged to have been committed April 7, 1920, after the Eighteenth Amendment to our national Constitution had become operative, and after the provisions of the Volstead Act (41 Stat. 305) putting national prohibition into effect had come into full force and operation. By the motion to quash it is sought to raise the question whether the general revenue laws of the government had, by reason of the terms and provisions of the Volstead Act, become inoperative at the date the offenses are charged to have been committed by defendant.

I am informed this question is now pending before the Supreme Court and will there soon receive authoritative decision. Meanwhile defendant herein is entitled to an assertion of his rights as a citizen. In all reason the government should not be permitted to occupy the dual and inconsistent positions of absolute prohibition in the enforcement of the Volstead Act against the manufacture and sale of intoxicating liquors, on the one hand, and at the same time recognizing that which is prohibited and made criminal by the Volstead Act to be a lawful source of revenue under the old revenue statutes. These positions are too inconsistent to be approved; and this, aside from the repealing clause of the Volstead Act, which reads as follows:

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"All prior statutes relating to alcohol as defined in this title are hereby repealed in so far as they are inconsistent with the provisions of this title."

As the defendant, through his counsel, confesses his guilt of violating the provisions of the Volstead Act, in full force and operation at the time the offenses were committed, and as the penalties for the violation of the Volstead Act are less severe than for violation of the Revenue Act, and as defendant may not be twice placed in jeopardy or punished for the same offense, I recommend an information be filed or an indictment returned against him for violation of the Volstead Act, in order that he may plead guilty thereto, and that a motion to quash the indictment in this case, drawn under the terms of the Revenue Act, be sustained, and said indictment quashed.

· It is so ordered.