## UNITED STATES v. SOHM et al.

### (District Court, D. Montana. July 12, 1920.)

#### No. 3613.

1. **Internal revenue ☞2—No implied repeal of earlier revenue statutes by National Prohibition Act.**
As National Prohibition Act, tit. 2, § 35, expressly provides that all provisions of law that are inconsistent are repealed only to the extent of such inconsistency, and title 3, § 9, recognizes the continuance of many enumerated sections in the Revised Statutes, relating to offenses against the internal revenue laws, providing that they shall not apply to industrial alcohol plants only, no implied repeal of such statutes was effected; the expression of one thing excluding another.

2. **Internal revenue ☞2—Earlier statutes and National Prohibition Act applicable, where not inconsistent.**
Both the National Prohibition Act and the earlier revenue legislation are applicable to the unlawful manufacture of intoxicating liquor, although, if the act more lightly penalizes an offense identical with one denounced in the revenue legislation, the latter is repealed.

3. **Internal revenue ☞2—Offense of making mash for spirits on premises not distillery not affected by National Prohibition Act.**
Rev. St. § 3282 (Comp. St. § 6022), forbidding the making of a mash for production of spirits on premises other than a duly authorized distillery, was not repealed by the National Prohibition Act or the Eighteenth Amendment, and so remains in force, as the prohibitory acts provide for the continuance of stills for the manufacture of intoxicants for nonbeverage purposes.

4. **Internal revenue ☞2—Stills must be registered, notwithstanding Prohibition Act.**
While National Prohibition Act, tit. 2, § 3, provides that intoxicating liquor for nonbeverage purposes may be manufactured only as provided, yet as title 2, § 35, saved laws not inconsistent therewith, Rev. St. § 3258 (Comp. St. § 5994), requiring the registration of stills with the commissioner, was not repealed.

5. **Internal revenue ☞2—National Prohibition Act does not excuse giving of bond under revenue statute.**
Notwithstanding the National Prohibition Act, a distiller must give the bond required by Rev. St. § 3260 (Comp. St. § 5997); that section of the statute not having been repealed.

At Law. Matt Sohm and Mary Sohm were indicted for unlawfully making a mash fit for the production of spirits, etc., for failing to register a still, and for unlawfully carrying on the business of distilling without having given bond. On demurrer and motion to quash. Demurrer and motion overruled.

H. H. Kellim, Asst. U. S. Atty., of Helena, Mont.
Henry C. Smith, of Helena, Mont., for defendants.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

BOURQUIN, District Judge.   Defendants—indicted in three counts, (1) ·for unlawfully making a mash fit for the production of spirits on premises other than a distillery duly authorized according to law, contrary to section 3282, R. S. (Comp. St. § 6022); (2) for failing to register with the collector of internal revenue a still set up and possessed by them, contrary to section 3258, R. S. (Comp. St. § 5994); and (3) for unlawfully carrying on the business of a distiller without having given bond as required by law, contrary to section 3260, R. S. (Comp. St. § 5997)—demur and move to quash, for that no offense is charged by reason of repeal of said sections of the Revised Statutes by the National Prohibition Act (41 Stat. 305).

Before the Eighteenth Amendment, prohibiting manufacture of and traffic in "intoxicating liquors  *  *  *  for beverage purposes," is an elaborate "code" of federal law governing manufacture of and traffic in distilled spirits and other intoxicating liquors for beverage and other purposes, in the main to provide public revenue.   In so far as provisions of this Code apply to and sanction spirits and liquors for beverage purposes only, they are rendered obsolete or repealed by the amendment.

Subsequent to the amendment is the National Prohibition Act, to effectuate the amendment and also to govern manufacture and traffic in such spirits and liquors for nonbeverage purposes; this latter not only as incidental to prohibition, but also to provide public revenue.

[1] In title 2, § 35, the act expressly provides that "all provisions of law that are inconsistent with this act are repealed only to the extent of such inconsistency, and the regulations herein provided for the manufacture or traffic in intoxicating liquor shall be construed as in addition to existing laws," and in section 9, title 3, the act recognizes the continued existence of many enumerated sections of the Codes, including sections 3258, 3260, and provides these sections shall not apply to industrial alcohol plants only, though the commissioner may so apply them by regulations made by him.

This express repeal in the act renders all rules of implied repeal inapplicable, demonstrates no implied repeal is intended.   "Expressio unius," etc.   See cases cited in 36 Cyc. 1081, and annual annotations.

[2] It follows that save for clear and unavoidable inconsistencies,  · both said Code and the act, wherein their terms are applicable to spirits and liquors for nonbeverage purposes, are present law, the latter cumulative to the former, however cumbersome and confused the result may be.

It may be observed that, if the act more lightly penalizes an offense identical as in the Code, the latter is repealed for inconsistency.

[3] In the act is nothing forbidding, as does section 3282 of the Code, making a mash fit for the production of spirits on premises other than a duly authorized distillery.   Hence there is no inconsistency, section 3282 is not repealed, and the first count of the indictment, based thereon, states a public offense.

It hardly needs be pointed out that, subject to the act, distilleries will continue to exist and mashes to be made, and now, as before, it is essential the latter be made only at the former duly authorized. The object of the act requires this as much as did the object of the Code.

[4, 5] Section 3, title 2, of the act provides that intoxicating liquor for nonbeverage purposes may be manufactured, etc., "only as herein provided." But "only as herein provided," by virtue of section 35, includes the provisions of all consistent existing law, to which the act is but an addition.

So, while said section 3 provides for permits from the Commissioner and in form by him prescribed, and for bonds in his discretion and in form by him prescribed, section 3258 of the Code, requiring registration in statutory form with the collector of stills set up and possessed (upon which section is based the second count of the indictment), and section 3260 of the Code, requiring a bond in statutory form (upon which section is based the third count of the indictment), are not inconsistent with the act, are not repealed, and the said counts state public offenses.

The demurrer is overruled, and the motion is denied.