## UNITED STATES v. STAFOFF et al.

(District Court, E. D. Missouri, E. D.   October 18, 1920.)

No. 7400.

1. **Intoxicating liquors ☞132—Repeal provision of Volstead Act merely states general rule.**

   Volstead Act, tit. 2, § 35, providing that existing statutory provisions not inconsistent with the act are not repealed, but are additional thereto, is only declaratory of the general law concerning repeals by implication.

2. **Statutes ☞165—Subsequent statute, imposing punishment for same offense, inconsistent with earlier statutes.**

   Where a subsequent statute imposes a penalty for the same offense as that for which a prior statute imposed a different penalty, there is an inconsistency between the statutes, to which the rule of repeal by implication applies, especially where the punishment imposed by the latter statute is less than that imposed by the earlier.

3. **Intoxicating liquors ☞132—Volstead Act repealed statute punishing possession of unregistered still or mash.**

   Volstead Act, tit. 2, section 25 of which made it unlawful to possess any liquor or property designed for the manufacture of liquor intended for use in violation of the title, imposed a penalty for the same act as Rev. St. § 3258 (Comp. St. § 5994), making it a crime to set up a still not registered with the collector of internal revenue, and section 3282 (Comp. St. § 6022), forbidding the making of a mash fit for production of distilled liquors on premises not authorized as a distillery, so that the Volstead Act repealed those two sections of the Revised Statutes.

Chris Elioff Stafoff, alias Chris Elioff, and another, were indicted for setting up a still without registering it, and for making a mash fit for the producton of distilled spirits, and they demur to the indictment. Demurrer sustained.

Vance J. Higgs, Asst. Atty. Gen.

J. H. Mackler and Bass & Bass, all of St. Louis, Mo., for defendants.

FARIS, District Judge. Defendants are being prosecuted on an indictment wherein the first count charges them with the violation of section 3258, R. S. (Comp. St. § 5994), and the second count thereof with the violation of section 3282, R. S. (Comp. St. § 6022). They demur to these counts, for that, as they contend, sections 3258 and 3282 were repealed by the provisions of the Volstead Act. Act Oct. 28, 1919 (41 Stat. 305). Sections 3258 and 3282, supra, are contained among the provisions of the law relating to internal revenue, and they were obviously intended and designed originally as parts of the necessary machinery of that law, for the better enforcement of the collection of the revenue. Section 3258, supra, makes it a crime to set up a still without having theretofore registered such

still with the collector of internal revenue of the appropriate district; while section 3282, supra, forbids the making of a mash fit for the production of distilled spirits on any premises except those of an authorized distillery.

[1] Section 35, tit. 2, of the Volstead Act, provides that all existing statutory provisions which are not inconsistent with the provisions of the Volstead Act are not to be held as repealed thereby, but to be additions to such act. Conversely, it follows that there is a repeal of all former existing laws when such former laws are inconsistent. This provision is only declaratory of the general law. A repeal by implication would occur, absent such statutory declaration, if the new law is inconsistent with the old law on the same subject.

Holding that sections 3258, 3279, and 3281, R. S. (Comp. St. §§ 5994, 6019, 6021), were repealed by the Volstead Act, Judge Smith, in the case of United States v. Windham (D. C.) 264 Fed. loc. cit. 377, said:

"The general rule for the construction of statutes is that, when a later statute is enacted inconsistent with a preceding statute and covering the entire ground of the subject matter, it supersedes and impliedly repeals the preceding statute. Especially is this the case when the later statute imposes penalties of less severity for the same offenses; the rule in favor of clemency being that, where different penalties are imposed for the same offense, the lighter penalty, when imposed in a later statute, is presumed to supersede the earlier and heavier."

There can, of course, be no manner of doubt as to the correctness of the applicatory rule of law as stated by Judge Smith in the above excerpt. U. S. v. Tynen, 11 Wall. 88, 20 L. Ed. 153. If, therefore, the provisions of the Volstead Act are inconsistent with the provisions of the older revenue laws, a repeal has occurred. In passing, I may observe that there is in title III of the Volstead Act, which title deals with the manufacture of alcohol, a similar provision (section 19, title III, Act Oct. 28, 1919), providing for the repeal of all inconsistent laws. Besides, title III, in section 9 thereof, expressly declares that section 3258, R. S., is not applicable to industrial alcohol plants.

The provisions of title II of the Volstead Act as to the manufacture of distilled spirits designed for medicinal purposes are somewhat meager. In order to lawfully manufacture such spirits a permit must be obtained from the Commissioner of Internal Revenue. Section 6, title II, Act Oct. 28, 1919. If such spirits shall be made without such permit, an offense is committed, which offense, on conviction, is punishable by the provisions of section 29 of title II thereof. Section 3258, R. S., required the registration of a still, when set up, to be made with the collector of internal revenue of the appropriate district, as already stated. If a distiller of spirits for medicinal uses should under the provisions of the Volstead Act procure a permit to manufacture such liquors from the Commissioner of Internal Revenue, it may well be doubted whether he could be successfully prosecuted under section 3258, R. S., for that he had

not theretofore registered with the collector of internal revenue the still which the permit allowed him to use in such manufacture.

The theory of the old revenue laws made the manufacture of liquors lawful and recognized it as a lawful way of producing government revenue. The Volstead Act no longer recognizes it as a producer of revenue, but outlaws both the making of and the traffic in liquor, except for stated and limited uses, for which uses, and pursuant only to a permit, it may now only be made at all.

Sections 3258 and 3282 were enacted as a part of the necessary machinery to safeguard the government against the loss of revenue. Answering the question expressed in the doubt set forth above, I am clearly of the view that no registration with the collector of the appropriate district would afford any protection to the owner of the still against punishment, should liquor be made in such still, and should such distiller have no permit from the Commissioner of Internal Revenue to manufacture liquor. In general, I agree with much that is said on this and germane questions by Judge Smith in the Windham Case, supra. See, also, opinion by Pollock, J., in U. S. v. Fortman, 268 Fed. 873. But I do not think it is necessary, upon the point up for judgment, to go so far as Judge Smith has gone in the discussion of this point.

[2] A test that is fair, and I think all-embracing, upon the question of inconsistency vel non, may be applied in the case at bar by considering whether the acts charged against defendants under sections 3258 and 3282 are provided for and made punishable by the Volstead Act. If he may under the Volstead Act be punished (a) for setting up a still, and (b) for having in his possession mash fit for the production of distilled spirits, then he may be punished under two laws for identically the same act. If such a condition exists, it would in my opinion constitute an inconsistency meet for the application of the rule of repeal by implication, and one which falls precisely within the purview of the rule which I have quoted above.

[3] Apposite to this question it will be noted that section 25 of title II of the Volstead Act says:

"It shall be unlawful to have or possess any liquor or property designed for the manufacture of liquor intended for use in violating this title, or which has been so used, and no property rights shall exist in any such liquor or property."

It follows that, if there has been actual manufacture of liquor, the defendants can be punished for the act under the first clause of section 29 of the Volstead Act. If they have not actually made distilled spirits, but simply had in their possession a still adapted and designed for the making of such spirits, absent a permit allowing them to make the same, or if they had in their possession any mash so adapted and designed, in either case the still (whether set up or not set up) and the mash constitute property within the meaning of said section 25, and upon conviction the defendants may for either offense be punished under the provisions of the second clause of section 29 of title 11 of the Volstead Act.

It ought to be fairly obvious that no one should be liable for the

same act to punishment under two sections of the criminal statutes. Neither ought it to be a greater crime, or a crime punishable by a more infamous or severe punishment, to intend to commit, or to make preparation for the commission, of an offense, than it is to commit the offense itself. In other words, if a man manufacture liquor, either wine, beer, or whisky, he is punishable for the first offense either by a fine, or a jail sentence; but (if the contention of the government here be correct) if he has merely set up a still, or merely has mash in his possession, he may be sentenced to the penitentiary for the first offense for a term as great as two years, regardless of whether he had actually made liquor. In no jurisdiction has an assault with intent to kill ever been regarded as more heinous, nor has it ever been more severely punished, than has willful murder itself. I cannot bring myself to think that Congress had in mind so anomalous a situation. Rather I am constrained to believe Congress had in mind the very situation which has arisen here; that is, that inevitably there would be a largely increased number of violations of the law by the use of the necessary paraphernalia in the forbidden manufacture of liquor. And that Congress did not intend that (based upon the record of violations of this law, as compared with the total population) some one-tenth of 1 per cent. of the inhabitants of the United States would or could be annually incarcerated in the penitentiary.

So far as I can see, the Volstead Act covers and punishes, not only the acts charged against the defendants here, but also every other act and situation which can possibly arise. Without more, I conclude that the demurrer to the counts which attempt to charge offenses under the provisions of sections 3258 and 3282, R. S., ought to be sustained.

It is so ordered.