## UNITED STATES v. DE LARGE et al.

(District Court, D. Nebraska, Omaha Division. February 17, 1921.)

1. **Internal revenue �köÿ2—Volstead Act did not repeal revenue provisions relating to distilleries.**

Rev. St. § 3258 (Comp. St. § 5994), prescribing the penalty for possession of a still not registered with the collector, and section 3282 (section 6022), prescribing a penalty for making in a place other than an authorized distillery any mash fit for distillation, were not superseded by the Volstead Act, in view of provision of article 2, § 35, thereof, that inconsistent provisions of law were repealed only to the extent of such inconsistency, that the regulations therein for the manufacture or traffic in intoxicating liquor were in addition to existing laws, that double the existing tax should be imposed on any one engaging in the sale of intoxicating liquors, and that the act should not relieve any person from any liability, civil or criminal, theretofore or thereafter incurred under existing laws, since there is no irreconcilable inconsistency between prohibiting the possession of a still and under heavier penalty prohibiting such possession without reporting it to the collector and the possession in a place other than an authorized distillery of mash fit for distillation, and especially in view of the provisions of article 3, of the Volstead Act exempting industrial distillers from certain named sections of the Revised Statutes, including section 3258, but not section 3282, which indicate a recognition by Congress that those sections were still continued in force.

2. **Internal revenue �köÿ2—Inflicting heavier punishment under revenue acts for separate offense in same transaction is valid.**

It was within the power of Congress to impose a penalty for possessing a still, as it did by the Volstead Act, and to continue to enforce the existing heavier penalties for possessing such still without registering it and for making a mash for distillation outside an authorized distillery, thus imposing different penalties upon acts which were made separate offenses, though they were all parts of one connected transaction.

Julius De Large and another pleaded guilty, the named defendant to an indictment for having in possession an unregistered still, and the other defendant to an indictment for making a mash for distilling liquor in a place not an authorized distillery, and they apply for a revision of the sentence, on the ground that the statutes defining those offenses were superseded by the Volstead Act. Application denied.

T. S. Allen, U. S. Dist. Atty., of Lincoln, Neb., and Lloyd A. Magney, Asst. U. S. Dist. Atty., of Omaha, Neb.

John Berger, of Omaha, Neb., for defendants.

MUNGER, District Judge. The defendant in this case pleaded guilty to an indictment charging him with a violation of section 3258, Rev. Stats. (section 5994, Comp. Stats.). An application for a revision of the sentence involves the question whether this section has been superseded by the National Prohibition Act, also known as the Volstead Act (41 Stats. 305, c. 85). A similar application in a companion case questions a sentence under section 3282, Rev. Stats. (section 6022, Comp. Stats.). The same or somewhat similar questions have been decided in reported cases. United States v. Sohm (D. C.) 265 Fed. 910; United States v. Windham (D. C.) 264 Fed. 376; United States v. Stafoff (D. C.) 268 Fed. 417; United States v. Puhac (D. C.) 268

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Fed. 392; United States v. Fortman (D. C.) 268 Fed. 873. In the first case cited it was held that the Volstead Act did not supersede section 3258, Rev. Stats., or section 3282, Rev. Stats. In the other cases cited one or both of these sections were held not to be in force, as applied to the facts in those cases. The case of United States v. Yuginni (D. C.) 266 Fed. 746, also lends some weight to the holdings in the latter group of cases, while the cases of United States v. One Essex Touring Automobile (D. C.) 266 Fed. 138, and United States v. Turner (D. C.) 266 Fed. 248, strongly tend to sustain the decision in United States v. Sohm.

Section 3258, Rev. Stats. (section 5994, Comp. Stats.), provides a penalty for every person who has in his possession or custody or under his control any still or distilling apparatus set up which is not registered with the collector of the district, by duplicate statements in writing which the applicant has filed with the collector, setting forth the place where it is set up, the kind of still, its cubic contents, its owner, his place of residence, and the purpose for which it has been or is intended to be used.

Section 3282, Rev. Stats. (section 6022, Comp. Stats.), punishes several acts, among them the making or fermenting in any building or on any premises other than a distillery duly authorized by law of any mash, wort, or wash fit for distillation or for the production of spirits or alcohol.

[1] Notwithstanding the fact that the greater number of cases cited have held that these portions of the Revised Statutes are no longer in force, as applied to one who seeks to manufacture distilled liquor contrary to the Volstead Act, the conclusions reached in the case of United States v. Sohm appear to be the proper interpretation. The intent of Congress is the essential thing, and that intent is not left to conjecture. Section 35, art. 2, of the Volstead Act reads as follows:

"All provisions of law that are inconsistent with this act are repealed only to the extent of such inconsistency and the regulations herein provided for the manufacture or traffic in intoxicating liquor shall be construed as in addition to existing laws. This act shall not relieve any one from paying any taxes or other charges imposed upon the manufacture or traffic in such liquor. No liquor revenue stamps or tax receipts for any illegal manufacture or sale shall be issued in advance, but upon evidence of such illegal manufacture or sale a tax shall be assessed against, and collected from, the person responsible for such illegal manufacture or sale in double the amount now provided by law, with an additional penalty of $500 on retail dealers and $1,000 on manufacturers. The payment of such tax or penalty shall give no right to engage in the manufacture or sale of such liquor, or relieve any one from criminal liability, nor shall this act relieve any person from any liability, civil or criminal, heretofore or hereafter incurred under existing laws."

It is obvious from a reading of this section that the prior internal revenue laws, so far as they provided for paying taxes or charges imposed on the manufacture or traffic in intoxicating liquor, were not entirely superseded, because it is expressly provided that a tax shall be assessed and collected from the person responsible for the illegal manufacture or sale in double the amount previously provided by law. but the payment of such a tax cannot be made in advance; nor does the payment give any right to manufacture or sell such liquor. It

is also provided that all provisions of law that are inconsistent with the Volstead Act are repealed only to the extent of such inconsistency. There doubtless may be features of the prior revenue laws that are inconsistent with the Volstead Act, but there is no inconsistency in making it unlawful (section 25, tit. 2, Volstead Act) for one to possess property designed for the manufacture of liquor intended for use in violating that act and in also requiring the one possessing a still or distilling apparatus set up to file a statement seeking registration with the collector (section 3258, Rev. Stats.), or making it unlawful to make or ferment mash in any other premises than an authorized distillery (section 3282, Rev. Stats.).

If the two offenses were combined in a single section, providing that it should be unlawful to possess property designed for the unlawful manufacture of intoxicating liquor and providing a penalty, and also providing that if one should so possess such property and should also fail to register a distilling apparatus with the collector, or should also possess the mash fit for distillation elsewhere than in an authorized distillery, he should be punished more severely, it would seem quite illogical to say that the two acts were contradictory, mutually destructive, or inconsistent.

[2] The punishment is greater under sections 3258 and 3282, Rev. Stats., than is prescribed in the Volstead Act, but it is not a punishment for the same offense, because the mere unlawful possession is punished under the Volstead Act, while there must be a distilling apparatus set up and also unregistered or a mash, wort, or wash fit for distillation, and also on premises other than an authorized distillery to constitute an offense under the sections of the Revised Statutes cited. Separate acts, though part of a continuous transaction, may be made separate crimes by the lawmaking power, as in the case of one who unlawfully breaks and enters a building with intent to steal and thereupon does steal while so within the building. Morgan v. Devine, 237 U. S. 632, 638, 640, 35 Sup. Ct. 712, 59 L. Ed. 1153; Ebeling v. Morgan, 237 U. S. 625, 630, 35 Sup. Ct. 710, 59 L. Ed. 1151; Morris v. United States, 229 Fed. 516, 521, 143 C. C. A. 584; Morgan v. Sylvester, 231 Fed. 886, 888, 146 C. C. A. 189. As stated in Morgan v. Devine:

"The test is not whether the criminal intent is one and the same and inspiring the whole transaction, but whether separate acts have been committed with the requisite criminal intent and are such as are made punishable by the act of Congress."

In the case of Burton v. United States, 202 U. S. 344, 377, 26 Sup. Ct. 688, 697 (50 L. Ed. 1057, 6 Ann. Cas. 362), an agreement to receive a forbidden compensation and the act of receiving it were held to be separate offenses, if Congress elected to make them such, the court saying:

"But Congress intended to place its condemnation upon each distinct, separate part of every transaction coming within the mischiefs intended to be reached and remedied. Therefore an agreement to receive compensation was made an offense. So the receiving of compensation in violation of the statute, whether pursuant to a previous agreement or not, was made another and separate offense. There is, in our judgment, no escape from this interpretation consistently with the established rule that the intention of the Legisla-

ture must govern in the interpretation of a statute. 'It is the Legislature, not the court, which is to define a crime, and ordain its punishment.' United States v. Wiltberger, 5 Wheat. 76, 95; Hackfeld & Co. v. United States, 197 U. S. 442, 450."

Congress may therefore make an offense of the mere possession of a distilling apparatus or mash fit for distillation, as property designed for the manufacture of liquor intended for use in violation of the Volstead Act, and may also make or retain in force a statute making it a separate offense to have an unregistered distilling apparatus set up or a mash fit for distillation in a place other than an authorized distillery.

But Congress did not leave the question to depend merely upon the considerations which have been stated. In the last clause of section 35 of the Volstead Act it is provided "nor shall this act relieve any person from any liability, civil or criminal, heretofore or hereafter incurred, under existing laws." By this provision, if, after the Volstead Act is in force, one shall have an unregistered distilling apparatus set up or mash fit for distillation in an unauthorized place, the portion of the clause quoted "nor shall this act relieve any person from any liability * * * criminal * * * hereafter incurred, under existing laws," leaves him subject to sections 3258 or 3282, as portions of the existing internal revenue laws. It must be presumed that Congress knew what the existing laws provided as to the manufacture of distilled spirits, and especially the elaborate code of internal revenue regulations relating thereto. Not only did Congress fail to express any repeal of these acts, except in case of inconsistency, but it expressed its knowledge of their existence by expressly enumerating many of the sections of the internal revenue statutes, including section 3258, and excepting industrial alcohol plants and bonded warehouses established under the Volstead Act from the operation of those sections (section 9, tit. 3). Distilling and operation of stills are permitted for some purposes by the Volstead Act if a permit is obtained, and a bond is given (sections 3, 6, tit. 2), and the operator must make certain records and label the containers of the liquor (sections 10, 12, tit. 2). Distilleries are permitted for the making of industrial alcohol by the provisions of title 3.

The fact that 56 sections of the internal revenue laws, all of which relate to the operation of distilleries, and most of which contain penalties, are expressly stated not to apply to industrial alcohol manufactories, is in contrast to the statement in section 35, art. 2, applying to others than authorized distillers, that the Volstead Act does not relieve any person from criminal liability incurred under then existing laws, as to acts committed after the Volstead Law was in force.

Congress omitted section 3282, Rev. Stats., in its careful enumeration of these sections, thereby showing its intention that even those who are permitted under the Volstead Act to make distilled spirits shall be liable to the penalties of that section if the mash, wort, or wash is made at any place except an authorized distillery. Much less could it have been the intention of Congress to exempt illicit or unauthorized dis-

tillers from the penalties of that section. The express statement that section 3258, Rev. Stats., should not apply to the makers of industrial alcohol under the rule, "expressio unius est exclusio alterius," indicates that Congress did not intend to exempt unlawful distillers from its provisions.

Neither the reports of the committees in Congress nor even the debates upon the passage of the Volstead Act bear directly upon the interpretation of section 35, art. 2, and it stands in the act with very slight verbal changes from the original draft as it was presented in section 37 of the original bill (Cong. Rec. 66th Cong. 1st Sess. 2291, 4850), but the language of the act is so clear that it must be held that these portions of section 3258, Rev. Stats., and section 3282, Rev. Stats. are not superseded by the Volstead Act. The applications for revision of sentences will be denied.