KETCHUM v. UNITED STATES. WELDON v. SAME. HENDERSON v. SAME.

(Circuit Court of Appeals, Eighth Circuit.  February 28, 1921.)

Nos. 5662–5664.

1. **Internal revenue** ⊜⇒2—**Absolute prohibition of liquor business is "inconsistent" with regulation for revenue purposes.**

   The word "inconsistent," used in National Prohibition Act, § 35, repealing inconsistent laws, has a broad meaning, and, speaking generally, a law having for its primary purpose the absolute prohibition of the manufacture and sale of spirituous liquors is inconsistent with legislation seeking to derive a revenue from such manufacture and sale by the imposition of taxes.

   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Inconsistent—Inconsistency.]

2. **Internal revenue** ⊜⇒2—**Statutes regulating distilleries and liquor business for revenue purposes held repealed by Prohibition Act.**

   Rev. St. § 3258 (Comp. St. § 5994), penalizing the possession of any still or distilling apparatus not registered as therein required, section 3260, as amended by Act May 28, 1880 (Comp. St. § 5997), penalizing distillers failing to give bond as therein required, section 3257 (Comp. St. § 5993), penalizing distillers defrauding or attempting to defraud the United States of the tax on the spirits distilled by them, section 3279 (Comp. St. § 6019), punishing persons working in, carrying distilled spirits from, or carrying raw materials to, a distillery not bearing the sign thereby required, and section 3242 (Comp. St. § 5965), penalizing the carrying on of the business of a retail liquor dealer without paying the special tax required by law, were repealed by National Prohibition Act, § 35, notwithstanding the provision of that section for the assessment and collection of a tax on the illegal manufacture or sale of liquors in double the amount now provided by law, etc.

In Error to the District Court of the United States for the Eastern District of Arkansas; Jacob Trieber, Judge.

Bill Ketchum, Charles Weldon, and Chester Henderson were convicted of offenses, and they bring error.  Reversed.

M. E. Dunaway, of Little Rock, Ark. (Murphy, McHaney & Dunaway, of Little Rock, Ark., and Richard M. Ryan, of Hot Springs, Ark., on the brief), for plaintiffs in error.

June P. Wooten, U. S. Atty., of Little Rock, Ark. (R. W. Wilson, Asst. U. S. Atty., of Little Rock, Ark., on the brief), for the United States.

Before SANBORN and CARLAND, Circuit Judges, and LEWIS, District Judge.

CARLAND, Circuit Judge.  Plaintiffs in error, hereafter defendants, were convicted and sentenced to the penitentiary and the payment of fines upon an indictment containing seven counts.  The first count charged the defendants with having in their possession and custody on March 9, 1920, in Garland county, Ark., a still and distilling apparatus for the production of spirituous liquors set up *without having the same registered as required by law.*  The second count charged that at the same time and place defendants did carry on the ·

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

business of a distiller of spirituous liquors *without having given a bond as required by law.* The third count charged that at the same time and place defendants did engage in and carry on the business of a distiller of spirituous liquors *with intent to defraud the United States of the tax on the spirits distilled by them.* The fourth, fifth, and sixth counts charged the defendants at the same time and place with working in, carrying distilled spirits from, and raw materials to, such a distillery as above described and on which no sign bearing the words "Registered Distillery" *was placed and kept as required by law.* The seventh count charged that the defendants at the same time and place did carry on the business of a retail liquor dealer *without having first paid a special tax as required by law.*

The evidence at the trial showed that the offenses charged were committed, if committed at all, on the date charged. The jury found the defendants guilty on all counts, except the defendants Ketchum and Henderson were acquitted on the seventh count. The indictment charged a violation of the following sections of the R. S. U. S.: First count, 3258 (Comp. St. § 5994); second count, 3260, as amended May 28, 1880, 21 Stat. 145 (Comp. St. § 5997); third count, 3257 (Comp. St. § 5993); fourth, fifth and sixth counts, 3279 (Comp. St. § 6019); seventh count, 3242 (Comp. St. § 5965). At the close of all the evidence counsel for defendants moved the court for a directed verdict in their favor. The motion was denied, and this ruling is assigned as error.

It is urged that the ruling was erroneous because the sections of the R. S. U. S. upon which the different counts of the indictment are based had been repealed or superseded by the Act of Congress passed October 28, 1919 (41 Stat. 305), commonly known as the National Prohibition Act, hereafter referred to as the Act, and which went into effect January 17, 1920, the effective date of the Eighteenth Amendment to the Constitution of the United States. In determining the validity of the contention of counsel, we first turn to the expressed will of the Congress in relation to the subject. It is found in section 35 of the Act. Said section reads as follows:

"Sec. 35. All provisions of law that are inconsistent with this act are repealed only to the extent of such inconsistency and the regulations herein provided for the manufacture or traffic in intoxicating liquor shall be construed as in addition to existing laws. This act shall not relieve any one from paying any taxes or other charges imposed upon the manufacture or traffic in such liquor. No liquor revenue stamps or tax receipts for any illegal manufacture or sale shall be issued in advance, but upon evidence of such illegal manufacture or sale a tax shall be assessed against, and collected from, the person responsible for such illegal manufacture or sale in double the amount now provided by law, with an additional penalty of $500 on retail dealers and $1,000 on manufacturers. The payment of such tax or penalty shall give no right to engage in the manufacture or sale of such liquor, or relieve anyone from criminal liability, nor shall this act relieve any person from any liability, civil or criminal, heretofore or hereafter incurred under existing laws. * * * *"

It appears from the express language of the above section that—

"All provisions of law that are inconsistent with this act are repealed only to the extent of such inconsistency and the regulations herein provided for the

manufacture or traffic in intoxicating liquor shall be construed as in addition to existing laws."

The language above referred to states a general rule of law in the absence of statute applied by the courts in considering repeals by implication. We do not find it necessary to enter into a discussion of general principles, as the Congress has expressly declared what laws should be repealed by the Act. It only remains for the courts to determine what laws existing prior to January 17, 1920, are inconsistent with it.

[1] The word "inconsistent" has a broad meaning. Speaking generally, a law which has for its primary purpose the absolute prohibition of the manufacture and sale of spirituous liquors is manifestly inconsistent with the whole body of legislation which found no fault with the business of the manufacture and sale of spirituous liquors, but only sought to derive a revenue for the support of the government from such manufacture and sale by the imposition of taxes, and to prevent persons engaged in such business from defrauding the government out of the taxes imposed. In view, however, of the large volume of legislation enacted for the purpose of revenue collection, and the language of the above-quoted section, it would seem unwise to discuss the question of repeal, except as is necessarily required in disposing of the question before us. No general rule or declaration of law with reference to all revenue legislation could safely be declared but each case should be decided on its own facts and law.

[2] Coming, now, to the several counts in the indictment, it appears that the defendants were punished, not for having in their possession and custody a still and distilling apparatus for the production of spirituous liquors, but for not having said still registered as required by law; not for carrying on the business of a distiller of spirituous liquors, but carrying it on without having given a bond as required by law; not for carrying on the business of a distiller of spirituous liquors, but carrying it on with intent to defraud the United States of the tax on the spirits distilled by them; not for working in a distillery for the production of spirituous liquors, nor for carrying distilled spirits from such distillery, nor for carrying and delivering raw materials to such distillery, but the doing of these last three acts with reference to a distillery upon which no sign bearing the words "Registered Distillery" was placed and kept as required by law; not for carrying on the business of a retail liquor dealer, but carrying it on without having first paid the special tax as required by law.

As the Eighteenth Amendment and the Act absolutely prohibited the manufacture and sale of spirituous liquors, except for certain purposes mentioned in the Act, the procedure for which is provided for therein, there could have been in force at the date charged, no law which would have permitted the defendants to be in possession of a distillery such as is described in the record in this case, whether registered or not. The defendants could have in no way obtained a register of their distillery for the purpose for which they were using it. They could not have carried on the business of a distiller of spirituous liquors, even if they had given a bond, and there was no way by which they could

give such bond. The laws in force absolutely prohibited such business, bond or no bond. They could not have carried on the business of a distiller in spirituous liquors with intent to defraud the United States of the tax on the spirits distilled by them, for the reason that at the time the offense charged was committed it would have been impossible for the defendants to pay any tax, or to receive any protection even if it had been paid. There was no tax to be paid. To absolutely prohibit the manufacture and sale of spirituous liquors, and then to send persons engaged in such business to the penitentiary because they had not paid a tax on the spirits distilled, involves such a contradiction of purpose that there would seem to be no escape from the conclusion that the law requiring the payment of a tax is inconsistent beyond all reasonable doubt with the Act.

In this connection, it is proper to refer to the claim made that by section 35, above quoted, no one is relieved "from paying any taxes or other charges imposed upon the manufacture or traffic in such liquor. No liquor revenue stamps or tax receipts for any illegal manufacture or sale shall be issued in advance, but upon evidence of such illegal manufacture or sale a tax shall be assessed against, and collected from, the person responsible for such illegal manufacture or sale in double the amount now provided by law with an additional penalty of $500 on retail dealers and $1,000 on manufacturers." The claim is made that, notwithstanding the manufacture and sale of spirituous liquors is absolutely prohibited, still the government intends to collect revenue taxes on such business. Of course such a procedure would be legally and morally impossible. The language of the section absolutely prohibits the payment of any tax in advance, which negatives the idea that the business may be taxed in the sense of the sections of the law upon which the indictment in this case is based. In regard to the offenses of working in, carrying spirituous liquors from, or raw materials to, a distillery that did not have a proper sign upon it, it is clear that, if the sign had been there, it would have been no protection to the defendants or benefit to the United States. It would not have served any lawful purpose. They might as well have been indicted for not having the sign placed on their barn or on a tree, because the law of the country did not recognize their business, their distillery, or anything connected with it.

In regard to the seventh count, there was no law at the date of the alleged offense that required defendants to pay a special tax on the business of a retail liquor dealer, but that was what they were convicted and punished for. They could not have paid any special tax to any one, and it would have been no protection to them if they had. It thus appears plainly that the defendants were convicted and punished for omitting to do things that no law required them to do. Other courts have expressed similar views as to the sections of R. S. U. S. before them. In U. S. Windham, 264 Fed. 376, District Judge Smith, District of South Carolina, decided that sections 3258, 3279, and 3281 (Comp. St. § 6021) were repealed by the Act. In Reed v. Thurmond, 269 Fed. 252, decided November 4, 1920, the Court of Appeals of the Fourth Circuit approved the decision of Judge Smith, and

decided that section 3296 (Comp. St. § 6038) was repealed by the Act. District Judge Bean, District of Oregon, in U. S. v. Yuginni (D. C.) 266 Fed. 746, decided that sections 3257 and 3279 were repealed. These sections are two of the sections involved in the present case.

District Judge Neterer, District of Washington, in the Goodhope Case, 268 Fed. 694, decided that sections 3061, 3082, 3095, 3099, and 2865 (Comp. St. §§ 5763, 5785, 5807, 5548) were superseded by the Act. District Judge Faris, Eastern District of Missouri, in U. S. v. Stafoff, 268 Fed. 417, decided that sections 3258 and 3282, were superseded by the Act. 3258 is one of the sections involved in the case before us. District Judge Pollock, holding the District Court for the Western District of Oklahoma, in U. S. v. Fortman, 268 Fed. 873, decided generally that the Act had repealed all the general revenue laws of the government relating to intoxicating liquors. District Judge Call, Southern District of Florida, in U. S. v. One Haynes Automobile, 268 Fed. 1003, decided that section 3450 of the Revised Statutes (Comp. St. § 6352) had been repealed by the Act.

We also are of the opinion that the necessary effect of the decision of the Supreme Court in Rhode Island v. Palmer, 253 U. S. 350, 40 Sup. Ct. 486, 588, 64 L. Ed. 946, sustains the views heretofore expressed. District Judge Bourquin, District of Montana, in U. S. v. Sohm, 265 Fed. 910, decided that sections 3282 and 3260 (Comp. St. §§ 6022, 5997) were not repealed by the Act. District Judge Sibley, Northern District of Georgia, in U. S. v. One Essex Touring Auto, 266 Fed. 138, decided that section 3450 was not repealed. District Judge McDowell, Western District of Virginia, in U. S. v. Turner, 266 Fed. 248, decided that section 3296 was not repealed. It may be noted, however, that this last decision is contrary to that of the Court of Appeals for the Fourth Circuit in Reed v. Thurmond, supra, at least in principle.

We are further of the opinion that, laying aside the absolute prohibition of the sale and manufacture of spirituous liquors by the Eighteenth Amendment and the Act, the other provisions of the Act are clearly inconsistent with the laws for the violation of which the defendants were convicted.

It results from what we have said that the defendants were convicted for violating statutes which had been superseded by the Act, and that the motion for a directed verdict in their favor should have been given. For this error the judgment below is reversed.