## SANFORD v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. June 7, 1921.)

No. 5822.

Internal revenue ⟜2—Distillery provision of statute repealed by Prohibition Act.

Rev. St. §§ 3258, 3279, 3281 (Comp. St. §§ 5994, 6019, 6021), relating to the operation of stills, were repealed by National Prohibition Act, § 35.

In Error to the District Court of the United States for the Western District of Arkansas; Frank A. Youmans, Judge.

Criminal prosecution by the United States against Charles Sanford. Judgment of conviction, and defendant brings error. Reversed.

Hal L. Norwood and J. I. Alley, both of Mena, Ark., for plaintiff in error.

J. S. Holt, U. S. Atty., of Ft. Smith, Ark.

Before SANBORN, Circuit Judge, and TRIEBER and NEBLETT, District Judges.

PER CURIAM. The plaintiff in error, defendant below, was indicted, tried, convicted, and sentenced under count 1 for unlawfully having in his possession a still and distilling apparatus for the production of spirituous liquors set up without having the same registered as required by law, in violation of section 3258, U. S. Rev. Stat. (Comp. Stat. § 5994), under count 2 for unlawfully carrying on the business of a distiller of spirituous liquors without having given bond as required by law, in violation of section 3281, U. S. Rev. Stat. (Comp. Stat. § 6021), and under count 4 for unlawfully working in a distillery for the production of spirituous liquors upon which no sign bearing the words "Registered Distillery" was placed and kept as required by law, in violation of section 3279, U. S. Rev. Stat. (Comp. Stat. § 6019).

As it has been conclusively determined by the decision of the Supreme Court in United States v. Boze Yuginovich et al., 255 U. S. ——, 41 Sup. Ct. 551, 65 L. Ed. ——, wherein the opinion was filed June 1, 1921, and by the decision of this court in Ketchum v. United States (C. C. A.) 270 Fed. 416, that the sections of the statutes on which the convictions and sentences in this case were based were repealed by National Prohibition Act (41 Stat. 305) § 35, before the time when the offenses were alleged to have been committed, the judgment and sentences in this case must be reversed, and the defendant must be discharged. Let an order to that effect be made and entered on the authority of those decisions, and let the mandate go down forthwith.

⟜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes