## BENDER v. UNITED STATES.

### No. 6262.

Circuit Court of Appeals, Third Circuit.

Nov. 24, 1937.

Harold Simandl, of Newark, N. J., for appellant.

Thorn Lord, of Trenton, N. J., for the United States.

Before BUFFINGTON and BIGGS, Circuit Judges, and DICKINSON, District Judge.

BIGGS, Circuit Judge.

Samuel Bender, the appellant, was tried upon an indictment consisting of four counts. The learned trial judge submitted only the first and third counts to the jury for its consideration. The jury brought in a verdict of guilty upon the third count alone. The third count was as follows: "That on or about the 18th day of April, A. D. 1934, at Lafayette in Andover Township and the County of Sussex, in the State and District of New Jersey and within the jurisdiction of this Court, the said Sam Bender knowingly and unlawfully did work in a distillery for the production of spirituous liquors upon which no sign bearing the words 'Registered Distillery' was placed and kept, as required by law; contrary to the form of the statute in such case made and provided. * * *"

The statute in question was R.S. § 3279, 26 U.S.C.A. § 1182, the pertinent portions of which are as follows:

"Every person engaged in distilling or rectifying spirits * * * shall place and keep conspicuously on the outside of the place of such business a sign, exhibiting in plain and legible letters, * * * the name or firm of the distiller, rectifier * * * with the words: 'Registered distillery', 'rectifier of spirits', * * * as the case may be. Every person who violates the foregoing provision by negligence or refusal, or otherwise, shall pay a penalty of $500. * * *

"And every person who works in any distillery, rectifying establishment, or wholesale liquor store, on which no sign is placed and kept, as hereinbefore provided; and every person who knowingly receives at, carries, or conveys any distilled spirits to or from any such distillery, rectifying establishment, warehouse, or store or who knowingly carries and delivers any grain, molasses, or other raw material to any distillery on which such sign is not placed and kept, shall forfeit all horses, carts, drays, wagons, or other vehicle or animal used in carrying or conveying such property aforesaid, and shall be fined not less than $100 nor more than $1,000, or be imprisoned not less than one month nor more than six months."

The statute just quoted was derived from an act of Congress passed upon July 20, 1868, 15 Stat. 132, § 18, and was law at least until the passage of the National Prohibition Act, 27 U.S.C.A. § 1 et seq., which the appellant contends repealed the statute just quoted by implication.

The pertinent portion of the National Prohibition Act, which was passed upon October 28, 1919, c. 85, tit. 2, § 17, 41 Stat. 313, 27 U.S.C.A. § 29, is as follows: "Advertising liquor or manufacture, sale, or keeping for sale thereof; exceptions. It shall be unlawful to advertise anywhere, or by any means or method, liquor, or the manufacture, sale, keeping for sale or furnishing of the same, or where, how, from whom, or at what price the same may be obtained. No one shall permit any sign or billboard containing such advertisement to remain upon one's premises. But nothing herein shall prohibit manufacturers and wholesale druggists holding permits to sell liquor from furnishing price lists, with description of liquor for sale, to persons permitted to purchase liquor, or from advertising alcohol in business publications or trade journals circulating generally among manufacturers of lawful alcoholic perfumes, toilet preparations, flavoring extracts, medicinal preparations, and like articles: Provided, however, That nothing in this chapter [or Section 341 of Title 18] shall apply to newspapers published in foreign countries when mailed to this country."

We believe that the statute just quoted repealed by implication the statute under which the third count of the indictment in the case sub judice. United States v. Yuginovich, 256 U.S. 450, 41 S.Ct. 551, 65 L.Ed. 1043; Ketchum v. United States, 8 Cir., 270 F. 416; Sanford v. United States, 8 Cir., 274 F. 369; United States v. Windham, D.C., 264 F. 376; Gray v. United States, 6 Cir., 276 F. 395.

■ The only question therefore remaining is whether or not R.S. § 3279, 26 U.S.C.A. § 1182, was re-enacted or revived by any subsequent act of Congress or constitutional amendment.

Upon November 23, 1921, Congress passed an act re-enacting the provisions of the revenue laws in respect to manufacture and sale of liquor which had been repealed by the National Prohibition Act. That statute, chapter 134, § 5, 42 Stat. 223, 27 U.S.C.A. § 3, is as follows: "Effect on existing legislation. All laws in regard to the manufacture and taxation of and traffic in intoxicating liquor, and all penalties for violations of such laws that were in force on October 28, 1919, shall be and continue in force, as to both beverage and nonbeverage liquor, except such provisions of such laws as are directly in conflict with any provision of this title."

It is clear, we think, that the last clause of the statute just above quoted could not serve as a re-enactment of R.S. § 3279, 26 U.S.C.A. § 1182, since that statute expressly required the posting of a sign, registered distillery, and the National Prohibition Act expressly prohibits it. Commercial Credit Co. v. United States, 6 Cir., 5 F.2d 1, 4.

If it be the fact that the statute which required a distiller to post a sign showing that his place of business was a distillery has been repealed it follows as a matter of logic that a statute making it a crime to work in a distillery upon which no such sign is posted is also repealed.

■ The National Prohibition Act was itself repealed upon August 27, 1935, 49 Stat. 872, shortly following the repeal of the Eighteenth Amendment. Can it be said that the repeal of the National Prohibition Act and of the Eighteenth Amendment had

the effect of reviving section 3279, 26 U.S.C.A. § 1182, at that time, as we have found, repealed by implication? Can a dead act rise again? Rev.St. § 12, 1 U.S.C.A. § 28, provides: "Whenever an Act is repealed, which repealed a former Act, such former Act shall not thereby be revived, unless it shall be expressly so provided."

We are of the opinion that the statute just quoted applies to repeals by implication as well as by express language. Milne v. Huber, Fed.Cas.No.9,617. The statute in question, in our opinion, changes the common-law rule that the repeal of a repealing act revived the former act. Wallace v. Bradshaw, 54 N.J.L. 175, 23 A. 759.

We are therefore of the conclusion that Rev.St. § 3279, 26 U.S.C.A. § 1182, when repealed by implication was not subsequently revived and that therefore the third count of the indictment against the appellant was founded upon the provisions of a statute which had ceased to exist as law.

Having reached this conclusion we deem it unnecessary to examine further into this case.

The decision of the court below is reversed, and the cause is remanded for further action in accordance with this opinion.